MEMORANDUM. Defendant was convicted of assault with intent to do great bodily harm less than *179 murder, MCL 750.84, following a jury trial. The properly scored recommended minimum sentence guidelines range for defendant’s offense provided for a term of five to 28 months’ imprisonment, thus placing defendant in a so-called “straddle cell.”[1] The trial court sentenced defendant within the guidelines range to two to 15 years of imprisonment. On appeal, defendant argues that because his prior record variable (PRV) score alone placed him in a recommended minimum guidelines range of zero to 11 months, he is entitled to an intermediate sanction.[2] Defendant contends that the trial court violated Blakely v Washington, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004), by engaging injudicial fact-finding to score the offense variables (OVs), thereby allegedly increasing his maximum sentence from an intermediate sanction to a prison term. We reject defendant’s and the dissent’s contention and affirm defendant’s sentence.
In Apprendi v New Jersey, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), the United States *180 Supreme Court held that under the Sixth and Fourteenth amendments of the United States Constitution, “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” In Blakely, supra at 303, the Court held that “the ‘statutory maximum’ for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.” (Emphasis deleted.) In regard to indeterminate sentencing schemes such as Michigan’s, the Blakely Court reaffirmed that a sentencing court may engage in judicial fact-finding in order to impose a minimum term within the statutory range. See People v Drohan, 475 Mich 140; 715 NW2d 778 (2006). The Blakely Court explained:
Of course indeterminate schemes involve judicial fact-finding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence —and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. [Blakely, supra at 309 (emphasis in original).]
Thus, a sentencing court in an indeterminate sentencing scheme does not violate Blakely by engaging in fact-finding to determine the minimum term of a defendant’s indeterminate sentence unless the fact-finding increases the statutory maximum sentence to which the defendant had a legal right.
In Michigan, when the high end of the recommended minimum guidelines range is 18 months or less, MCL 769.34(4) (a) requires a sentencing court, absent articulation of substantial and compelling reasons, to impose *181 an intermediate sanction, which may include a jail term of no more than 12 months:
If the upper limit of the recommended minimum sentence range for a defendant determined under the sentencing guidelines set forth in chapter XVII is 18 months or less, the court shall impose an intermediate sanction unless the court states on the record a substantial and compelling reason to sentence the individual to the jurisdiction of the department of corrections. An intermediate sanction may include a jail term that does not exceed the upper limit of the recommended minimum sentence range or 12 months, whichever is less. [Emphasis added.]
MCL 777.21 explicitly requires the court to consider the OVs, the PRVs, and the offense class to determine a defendant’s recommended minimum guidelines range.[3] Under our statutory scheme, a defendant has no legal right to have the minimum sentence calculated using *182 only a fraction of the statutorily enumerated factors. Thus, under MCL 769.34(4)(a), a defendant is not legally entitled to an intermediate sanction until after the OVs have been scored and those OVs, in conjunction with the PRVs and the offense class, indicate that the upper limit of the defendant’s guidelines range is 18 months or less. In other words, a defendant’s legal right to an intermediate sanction arises from properly scored guidelines, including the scoring of the OVs. A sentencing court does not violate Blakely and its progeny by engaging in judicial fact-finding to score the OVs to calculate the minimum recommended sentencing guidelines range, even when the defendant’s PRV score alone would have placed the defendant in an intermediate sanction cell.[4]
In this case, properly scored guidelines placed defendant in a recommended minimum sentence range of five to 28 months in prison. This placed defendant in a “straddle cell,” in which the trial court was permitted to choose between imposing an intermediate sanction or a prison term. MCL 769.34(4)(c). Thus, defendant faced a statutory maximum sentence of 15 years in prison for his conviction of assault with intent to do great bodily harm less than murder as a second-offense habitual offender, MCL 750.84; MCL 769.10. Because the properly scored guidelines range did not entitle defendant to *183 an intermediate sanction, the trial court did not violate Blakely by scoring the OVs before imposing a prison sentence within the guidelines. Accordingly, we affirm defendant’s sentence.
In all other respects, defendant’s application for leave to appeal is denied, because we are not persuaded that this Court should review the remaining questions presented.
Taylor, C.J., and Weaver, Corrigan, Young, and MARKMAN, JJ., concurred.

 When a defendant is placed in a “straddle cell,” the sentencing court has the option of imposing an intermediate sanction or a prison term. MCL 769.34(4)(c) provides:
If the upper limit of the recommended minimum sentence exceeds 18 months and the lower limit of the recommended minimum sentence is 12 months or less, the court shall sentence the offender as follows absent a departure:
(i) To imprisonment with a minimum term within that range.
(ii) To an intermediate sanction that may include a term of imprisonment of not more than 12 months.

 When the upper limit of the guidelines range is 18 months or less, the sentencing court must impose an intermediate sanction. MCL 769.34(4)(a). An “intermediate sanction” can mean a number of things, but excludes a prison sentence. People v Stauffer, 465 Mich 633, 635; 640 NW2d 869 (2002); MCL 769.31(b).

 MCL 777.21(1) provides:
For an offense enumerated in part 2 of this chapter, determine the recommended minimum sentence range as follows:
(a) Find the offense category for the offense from part 2 of this chapter. From section 22 of this chapter, determine the offense variables to be scored for that offense category and score only those offense variables for the offender as provided in part 4 of this chapter. Total those points to determine the offender’s offense variable level.
(b) Score all prior record variables for the offender as provided in part 5 of this chapter. Total those points to determine the offender’s prior record variable level.
(c) Find the offense class for the offense from part 2 of this chapter. Using the sentencing grid for that offense class in part 6 of this chapter, determine the recommended minimum sentence range from the intersection of the offender’s offense variable level and prior record variable level. The recommended minimum sentence within a sentencing grid is shown as a range of months or life.

 Contrary to the dissent’s contention, our holding is consistent with Ring v Arizona, 536 US 584; 122 S Ct 2428; 153 L Ed 2d 556 (2002). In Ring the Court held that Arizona’s sentencing scheme violated the defendant’s Sixth Amendment rights where the sentencing court increased the defendant’s statutory maximum sentence of life imprisonment to a death sentence on the basis of a judicial finding of aggravating factors. This case does not involve an increase of defendant’s statutory maximum sentence on the basis of judicial findings. Instead, the trial court merely scored defendant’s OVs before imposing a sentence within the statutory range.