# Order

Michigan Supreme Court
Lansing, Michigan

June 30, 2006

130490

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JANIS LEE FERWORN,
      Defendant-Appellant.

SC: 130490
COA: 266592
Wayne CC: 05-001679-01

_____/

On order of the Court, the application for leave to appeal the January 3, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J., would grant leave to appeal.

KELLY, J., dissents and states as follows:

This case presents an important issue regarding the application of *Blakely v Washington*[1] to the Michigan sentencing guidelines, MCL 777.1 *et seq*.[2] Although this Court recently decided two cases[3] concerning the applicability of *Blakely*, they do not control this appeal.

Defendant pleaded nolo contendere to a charge of embezzlement by an agent or trustee of more than $20,000. MCL 750.174(5)(a). The sentencing guidelines make this a class D offense. MCL 777.16i. The trial court scored defendant's prior record variable level at zero points and her offense variable level at ten points. In the class D sentencing grid of the guidelines, a PRV level of zero points and an OV level of ten points placed

---

[1] 542 US 296 (2004).

[2] For a full discussion of *Blakely's* impact on the sentencing guidelines, please review my dissenting opinion in *People v McCuller*, 475 Mich ___ (2006).

[3] *McCuller* and *People v Drohan*, 475 Mich ___ (2006).

defendant in the A-II cell. This cell provides a minimum sentence range of zero to nine months. MCL 777.65. Because its upper limit is under 18 months, the A-II cell is referred to as an "intermediate sanction cell." MCL 769.34(4)(a) provides:

> If the upper limit of the recommended minimum sentence range for a defendant determined under the sentencing guidelines set forth in chapter XVII is 18 months or less, the court shall impose an intermediate sanction unless the court states on the record a substantial and compelling reason to sentence the individual to the jurisdiction of the department of corrections. An intermediate sanction may include a jail term that does not exceed the upper limit of the recommended minimum sentence range or 12 months, whichever is less.

Under MCL 769.34(4)(a), the guidelines set the maximum sentence to which the defendant may be sentenced. The guidelines statutes do not permit a court to sentence to prison a defendant who falls within an intermediate sanction cell. The court is required to impose a maximum term of 12 months or less, unless it can state substantial and compelling reasons for a longer sentence. MCL 769.34(4)(a).

In this case, the trial court departed from the sentencing guidelines recommendation on the basis of several factors that it found to be substantial and compelling. At the time of sentencing, the facts underlying the reasons for departure had not been admitted by defendant or proven to a jury beyond a reasonable doubt. Instead, they were found by the trial court using a preponderance of the evidence standard.

This process raises serious Sixth Amendment concerns. In *Blakely*, the United States Supreme Court stated:

> Our precedents make clear . . . that the "statutory maximum" for *Apprendi*[4] purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority. [*Blakely,* 542 US 303-304 (emphasis in original; citations omitted).]

In this case, the trial judge rendered a sentence not allowed by defendant's criminal history or her admissions. Instead, he imposed the sentence after making additional fact-

---

[4] *Apprendi v New Jersey*, 530 US 466 (2000).

finding. This exceeded his constitutional authority. *Id.* Therefore, defendant's sentence is clearly called into question by *Blakely*.

This constitutional problem must be resolved. Under *McCuller*, a defendant is legally entitled to an intermediate sanction if, after the OVs and the PRVs have been scored, the guidelines' maximum sentence is 18 months or less. *McCuller*, 475 Mich ___; slip op, p 5. McCuller was not entitled to the statutory maximum sentence set by the intermediate sanction cell because his score was outside the intermediate sanction cell after the OVs were scored. But, in this case, defendant's score was not outside the intermediate sanction cell after the OVs were scored. Therefore, following the majority's reasoning in *McCuller*, she was *legally entitled* to an intermediate sanction.

The majority refuses to examine the ramifications of this legal entitlement to an intermediate sanction cell sentence in light of *Blakely*. Instead, it ignores the issue and denies leave to appeal. I believe that defendant should have a full review of the serious constitutional issue raised by her sentence. Accordingly, I would grant leave to appeal. I call on the majority to explain why it would not.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 30, 2006

Clerk

d0627