# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 29, 2006

131108

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

JODY LYNNE AXLEY,
     Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131108
COA: 268866
Baraga CC: 05-000926-FH

On order of the Court, the application for leave to appeal the April 11, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

YOUNG, J., concurs and states as follows:

I concur in the order denying leave to appeal. In her application for leave to appeal, defendant argued that the extent of the sentencing court's upward departure from the sentencing guidelines was an abuse of discretion. Defendant did not raise the issue whether the United States Supreme Court's decision in *Blakely v Washington*, 542 US 296 (2004), applied to Michigan's intermediate sentencing guidelines scheme. MCL 769.34(4)(a). Generally, appeals are limited to those issues raised in the application for leave to appeal, MCR 7.302(G)(4), and arguments not raised and preserved for review are deemed waived. *People v Stanaway*, 446 Mich 643 (1994).

CORRIGAN, J., joins the statement of YOUNG, J.

CAVANAGH and KELLY, JJ., would grant leave to appeal.

MARKMAN, J., dissents and states as follows:

I dissent and would instead remand this case to the Court of Appeals for consideration as on leave granted. This case squarely raises the question whether, and to what extent, the United States Supreme Court's decision in *Blakely v Washington,* 542

US 296 (2004), applies to Michigan's intermediate sentencing guidelines scheme. MCL 769.34(4)(a). The trial court based its sentencing departure on facts that were not part of defendant's criminal history, admitted by defendant, or proven to a jury beyond a reasonable doubt. Thus, this case presents an appropriate vehicle for determining whether, when the guidelines call for an intermediate sanction, *Blakely* precludes the imposition of a prison sentence based on such other facts.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 29, 2006

_____
Clerk

p0926