# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 9, 2007

131108(17)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JODY LYNNE AXLEY,
      Defendant-Appellant.

SC: 131108
COA: 268866
Baraga CC: 05-000926-FH

_____/

On order of the Court, the motion for reconsideration of this Court's September 29, 2006 order is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

CAVANAGH, J., would grant the motion for reconsideration.

KELLY, J., dissents and states as follows:

I dissent from the order denying reconsideration. Because defendant's sentence presents significant issues that need to be addressed, I would grant reconsideration and grant leave to appeal.

Defendant pleaded guilty of aiding a prisoner to escape detention. MCL 750.183. She does not challenge her conviction, but she does challenge her sentence. In sentencing defendant, the trial court departed from the recommended guidelines range of 0 to 14 months and sentenced defendant to 56 to 84 months, the highest possible minimum sentence. The Court of Appeals denied her application for leave to appeal, and this Court denied leave to appeal, with Justices Cavanagh, Markman, and myself dissenting. *People v Axley*, 477 Mich 878 (2006).

Defendant raises several arguments regarding the appropriateness of her sentence that are worthy of this Court's review. First, she challenges the ten points scored for offense variable (OV) 10. This OV deals with exploitation of a vulnerable victim. Ten points are appropriate if

> [t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status.  [MCL 777.40(1)(b).]

The trial court found that defendant abused her authority status as a guard for the Michigan Department of Corrections (MDOC) when she helped the prisoner escape. And it found that the MDOC was a vulnerable victim.  Both findings appear to be incorrect.

It seems axiomatic that the institution charged with housing this state's criminal offenders is not a vulnerable victim.  In fact, antonyms of "vulnerable" are "guarded, protected, safe, secure," the natural descriptors of the MDOC.  (See Thesaurus.com, <http://thesaurus.reference.com/browse/vulnerable> [accessed January 22, 2007].)  OV 10 offers an internal definition of the word.  "'Vulnerability' means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation."  MCL 777.40(3)(c).  The trial court failed to address how the MDOC was vulnerable under this definition.  And it is certainly a stretch of the imagination to find that it is particularly susceptible to injury.  As such, the trial court's finding appears to be an abuse of discretion.

The same conclusion results when one considers the meaning of an "abuse of authority status."  Again, OV 10 provides the definitive definition.  "'Abuse of authority status' means a victim was exploited out of fear or deference to an authority figure, including, but not limited to, a parent, physician, or teacher."  MCL 777.40(3)(d).  In this case, defendant was the MDOC's employee.  Under the trial court's reasoning, the employee was in a position of authority over the employer.  There seems little justification for such a conclusion.

Given these apparent errors, defendant's request that we address the scoring of OV 10 is well founded.  In addition to defendant's reasons, the question arises whether the Legislature intended this OV to apply to an institutional victim.  Considering the language used in the statute to describe the victim, it appears that this was not the intent of the Legislature.  I believe that we should grant leave to appeal on this issue.

Second, defendant challenges the ten points scored for OV 14.  The trial court scored ten points because it found defendant to be a leader in a multiple offender situation.  MCL 777.44(1)(a).  It found that defendant was the leader in the escape because her participation as a guard was indispensable.  There is no support for reading "leader" to mean indispensable participant.  Moreover, all the evidence suggests that defendant's participation was passive and potentially coerced.  As such, the scoring appears to be an abuse of discretion.  I would grant leave to appeal on this issue as well.

Third, defendant argues that the trial court's upward departure from the sentencing guidelines was not supported, as it must be, by substantial and compelling reasons. A factor that constitutes a substantial and compelling reason for departing from the guidelines must be objective and verifiable and must "'keenly' or 'irresistibly' grab our attention." *People v Babcock*, 469 Mich 247, 257 (2003). Such reasons for departure exist only in exceptional cases. *Id*.

> [I]f the trial court articulates multiple reasons, and the Court of Appeals determines that some of these reasons are substantial and compelling and some are not, the panel must determine the trial court's intentions. That is, it must determine whether the trial court would have departed and would have departed to the same degree on the basis of the substantial and compelling reasons alone. If the Court of Appeals is unable to determine whether the trial court would have departed to the same degree on the basis of the substantial and compelling reasons, or determines that the trial court would not have departed to the same degree on the basis of the substantial and compelling reasons, the Court of Appeals must remand the case to the trial court for resentencing or rearticulation of its substantial and compelling reasons to justify its departure. [*Id*. at 260-261.]

The trial court offered multiple reasons for departure: (1) because the escaping inmate was dangerous, defendant's breach of trust was "much more serious" than contemplated by the guidelines; (2) defendant would have faced life in prison under the originally charged offense of voluntarily suffering a prisoner to escape, MCL 750.188; and (3) defendant's conduct resulted in a "huge risk" to members of law enforcement and the public. There is a strong argument that none of these reasons for departure qualifies as substantial and compelling.

Regarding the first reason, whether someone is dangerous is a subjective determination. The trial court did not show objective verification of it. Regarding the second reason, a defendant should not be punished for accepting a plea bargain. There are many reasons beyond leniency why the prosecution may decide to agree to a plea. For instance, the prosecution may not believe it has sufficiently strong evidence to meet the requirements for the greater charge. Given the multiple reasons influencing a plea deal, the fact that defendant was not convicted of the original charges does not "'keenly' or 'irresistibly' grab our attention." And it is not of considerable worth in deciding a sentence. *Babcock*, 469 Mich 257.

Regarding the third factor, the "hugeness" of the risk is a subjective determination. As such, there is an argument that the trial court did not give a sufficiently articulated reason for the departure. But, even if the trial court's subjective description of the risk were ignored and this factor were found to be substantial and compelling, resentencing still would be appropriate. The trial court did not make clear on the record that it would

pronounce the same sentence even if the reviewing court found only one factor to be appropriate. As such, *Babcock* seems to require resentencing. *Id*. at 260-261. I would grant leave to appeal to discuss this issue as well.

Fourth, defendant argues that her sentence was disproportionate. In a similar context, the Court of Appeals stated:

> By sentencing defendant to life imprisonment, the sentencing court "has left no room for the principle of proportionality to operate on an offender convicted of [criminal sexual conduct] who has a previous record for this kind of offense or whose criminal behavior is more aggravated than in [defendant's] case." [*People v Bennett*, 241 Mich App 511, 517 (2000), quoting *People v Milbourn*, 435 Mich 630, 668-669 (1990).]

Defendant's sentence in this case suffers from a similar problem. The trial court imposed the longest minimum sentence. This leaves no room for a more serious offense or offender. For instance, defendant arguably took a passive role in a nonviolent escape. But a felon with multiple convictions that led a violent escape of a dozen offenders would receive the same sentence as did defendant. This fact tends to indicate that the sentence was not properly fashioned for the individual defendant and is not proportionate to the individual offense. I would grant leave to appeal to allow the Court to discuss this issue.

Finally, defendant argues that her sentence violated *Blakely v Washington*, 542 US 296 (2004).[1] Specifically, after the trial court scored the OV factors, defendant's guidelines range was 0 to 14 months. Because the upper limit of this recommended range is less than 18 months, the recommended sentence falls in an intermediate sanction cell. MCL 769.34(4)(a). Under MCL 769.34(4)(a), the guidelines set the maximum sentence to which the defendant may be sentenced. The guidelines statutes do not permit a court to sentence a defendant to prison if the recommended sentence falls within the intermediate sanction cells. The court is required to impose a maximum term of 12 months or less, unless it can state substantial and compelling reasons for a longer sentence. MCL 769.34(4)(a).

---

[1] Defendant did not raise this issue in her initial application for leave to appeal in this Court. But Justice Markman noted in his dissenting statement that this case presents an appropriate vehicle for determining an important question: If the guidelines recommend an intermediate sanction sentence, does *Blakely* preclude a prison sentence based on findings of fact made by the trial court at sentencing? *Axley*, 477 Mich 878-879 (Markman, J., dissenting). Justice Young based his concurrence to the order denying leave to appeal on defendant's failure to raise this issue. *Id*. at 878 (Young, J., concurring).

But this ability to depart from a maximum sentence conflicts with the Sixth Amendment requirement that defendant receive only the maximum sentence that is supported by (1) the facts admitted by defendant or (2) the facts found by a jury. *Blakely*, 542 US 303-304. Because her sentence exceeds the maximum sentence set by an intermediate sanction cell, defendant raises a legitimate *Blakely* issue worthy of this Court's attention.

I have thoroughly addressed the *Blakely* issue in my dissent in *People v McCuller*, 475 Mich 176 (2006).[2] But the majority's analysis in that case left undecided the issue presented in this case. This Court has granted leave to appeal to address this issue in two cases, *People v Burns*, ___ Mich ___ (2006) (Docket No. 131898), and *People v Harper*, ___ Mich ___ (2006) (Docket No. 130988). Granting leave to appeal in this case would present the Court with yet another vehicle to fully discuss this important constitutional issue.

This case presents numerous sentencing issues. Because of many apparent mistakes in defendant's sentence, I would grant reconsideration. On reconsideration, I would grant leave to appeal on all the issues discussed above.

MARKMAN, J., would grant the motion for reconsideration and would remand this case to the Court of Appeals for consideration as on leave granted for the reasons set forth in *People v Axley,* 477 Mich 878-879 (2006).

---

[2] Given the limited nature of this statement, I will not go into an extensive *Blakely* analysis. But I encourage the reader to review my dissent in *McCuller* for a full understanding of the topic.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 9, 2007

*Corbin R. Davis*

Clerk

d0206