PEOPLE v BERGEVIN

Docket No. 59006. Argued February 1, 1979 (Calendar No. 4).—Decided June 18, 1979. On motion for rehearing cause remanded to Bay Circuit Court for resentencing. See 407 Mich 1148.

John S. Bergevin was convicted by a jury in Bay Circuit Court, John X. Theiler, J., of three counts of kidnapping and one count of taking indecent liberties with a child, arising out of the abduction of an 11-year-old girl. The Court of Appeals, Danhof, C.J., and D. E. Holbrook and Munro, JJ., affirmed in a memorandum opinion (Docket No. 22710). The defendant appeals and argues that the kidnapping statute does not authorize convictions of multiple counts of kidnapping where only one person was abducted. *Held:*

1. The Legislature did not intend that each of the alternative definitions of kidnapping contained in the statute constitute a separate crime for purposes of trial, conviction, and sentencing. Rather, the Legislature intended to list the possible alternative ways in which the crime of kidnapping could be committed.

2. The statute is unambiguous on its face. However, if an ambiguous statute were presented, the rule of lenity would dictate the same conclusion in the absence of legislative history clearly to the contrary. It is a presupposition of the law to resolve doubts in the enforcement of the Penal Code against the imposition of a harsher punishment.

3. The fact that a defendant abducts a victim under circumstances which satisfy more than one of the alternative statutory definitions of kidnapping does not preclude a prosecutor from listing in an information the alternative circumstantial bases of a kidnapping charge, or from arguing all of the circumstances upon which a jury can return its verdict, but it may give rise to only one criminal charge for purposes of trial, conviction, and sentencing. Construction of the statute to prohibit multiple convictions where the defendant abducts only one person makes it unnecessary to address the constitutional

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Statutes §§ 299-306.

[3] 73 Am Jur 2d, Statutes §§ 303, 306.

[4] 41 Am Jur 2d, Indictments and Informations § 86 *et seq.*

issue whether such multiple convictions would violate the prohibition against double jeopardy.

The defendant's convictions of kidnapping are vacated as to the first two counts and affirmed as to the third count.

1. KIDNAPPING — STATUTES.

The Legislature did not intend that each of the alternative definitions of kidnapping contained in the statute constitute a separate crime for purposes of trial, conviction, and sentencing; rather, it intended to list the possible alternative ways in which the crime of kidnapping could be committed (MCL 750.349; MSA 28.581).

2. KIDNAPPING — STATUTES.

The kidnapping statute is unambiguous on its face in providing alternative definitions of kidnapping without authorizing multiple convictions where a defendant abducts only one person (MCL 750.349; MSA 28.581).

3. CRIMINAL LAW — STATUTES — CONSTRUCTION — RULE OF LENITY.

The rule of lenity, that an ambiguous criminal statute should be construed in favor of the accused in the absence of legislative history clearly to the contrary, results from a presupposition of the law to resolve doubts in the enforcement of the Penal Code against the imposition of a harsher punishment.

4. KIDNAPPING — STATUTES — INDICTMENT AND INFORMATION.

That a defendant abducts a victim under circumstances which satisfy more than one of the alternative statutory definitions of kidnapping does not preclude a prosecutor from listing in an information the alternative circumstantial bases of a kidnapping charge, or from arguing all of the circumstances upon which a jury can return its verdict, but it may give rise to only one criminal charge for purposes of trial, conviction, and sentencing (MCL 750.349; MSA 28.581).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Lawrence Baron)* for defendant.

FITZGERALD, J. Defendant was convicted by a

jury of three counts of kidnapping contrary to MCL 750.349; MSA 28.581, and one count of taking indecent liberties with a child under 16 contrary to MCL 750.336; MSA 28.568 on November 12, 1974. The Court of Appeals affirmed defendant's convictions on September 9, 1976 in an unpublished memorandum opinion. On December 15, 1977, we granted defendant's application for leave to appeal to address the question of whether Michigan's kidnapping statute, MCL 750.349; MSA 28.581, authorizes multiple convictions where a defendant abducts only one person. 402 Mich 827 (1977). We answer this question in the negative.

The trial testimony indicates that on May 19, 1974, the complainant, an 11-year-old girl, was riding her bicycle on a gravel road near her home when the defendant, who was driving a pick-up truck, stopped her to ask for directions. The complainant testified that defendant drove away after she had been unable to answer his questions, but after she had ridden a little further down the road, defendant returned and pulled his truck in front of her. Defendant grabbed the girl, threw her bike in the ditch, and put her on the floor of the passenger side of the truck. Defendant made the girl stay on her hands and knees on the floor of the truck with her head down as she was driven to a site described by her as a hilly and muddy area with some water and a little shack nearby. Complainant stated that defendant forced her to walk up the hill, removed her pants and undergarments, made her lie down on the ground, and then molested her. Complainant testified that as defendant drove her back to the spot where he had abducted her, she was warned that if she told anyone about the incident, he had a gun and friends to take care of her.

Defendant was charged with the following counts:

1) Did "wilfully, maliciously and without lawful authority * * * forcibly * * * confine" complainant "within this state against his [her] will" contrary to MCL 750.349; MSA 28.581.

2) Did "wilfully, maliciously and without lawful authority * * * secretly confine" complainant "within this state against his [her] will" contrary to MCL 750.349; MSA 28.581.

3) Did "forcibly seize" complainant "with intent * * * to cause such person to be secretly confined * * * in this state against his [her] will" contrary to MCL 750.349; MSA 28.581.

4) Did "assault a child under the age of 16 years" and "take or attempt to take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape or the crime of sodomy or gross indecency upon such child" contrary to MCL 750.336; MSA 28.568.[1]

At trial defendant raised the defense of alibi. Against an array of incriminating evidence, the jury was unimpressed and returned a verdict of guilty on all four counts. Defendant then pled guilty to a supplemental information charging him with being an habitual offender. On November 22, 1974, defendant was sentenced to life imprisonment on the three convictions of kidnapping and 20 to 40 years on the indecent liberties conviction.

We granted leave to appeal in the instant case to determine the scope of criminal liability under Michigan's kidnapping statute, MCL 750.349; MSA 28.581. We are presented with a question of statu-

---

[1] MCL 750.336; MSA 28.568 was repealed by the criminal sexual conduct statute, 1974 PA 266; MCL 750.520b *et seq.;* MSA 28.788(2) *et seq.*

tory construction: When the Legislature enacted MCL 750.349; MSA 28.581, did it intend that multiple convictions result where a defendant abducts only one person under circumstances which fulfill two or more of the alternative definitions of the crime contained in the statute?

The statute in question provides in pertinent part:

"Any person who wilfully, maliciously and without lawful authority shall forcibly *or* secretly confine *or* imprison any other person within this state against his will, *or* shall forcibly carry *or* send such person out of this state, *or* shall forcibly seize *or* confine, *or* shall inveigle *or* kidnap any other person with intent to extort money *or* other valuable thing thereby *or* with intent either to cause such person to be secretly confined *or* imprisoned in this state against his will, *or* in any way held to service against his will, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years." (Emphasis added.)

We do not believe that in enacting MCL 750.349; MSA 28.581 the Legislature intended that each of the alternative definitions contained in the statute constitute a separate and distinct crime for purposes of trial, conviction, and sentencing. Rather, we perceive that it was the intent of the Legislature to delineate within the statute the possible alternative ways in which the crime of kidnapping could be committed.

We find the statute facially unambiguous. However, were we presented with an ambiguous statute, the rule of lenity would dictate the same conclusion in the absence of legislative history clearly indicating the contrary. See *Bell v United States,* 349 US 81, 83; 75 S Ct 620; 99 L Ed 905 (1955), wherein it was stated:

"When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or anti-social conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment."

Accordingly, we find that the trial court erred in instructing the jury that it could find defendant guilty or not guilty on any or all of the three counts of kidnapping with which he was charged. The fact that a defendant abducts a victim under circumstances which satisfy more than one of the alternative definitions of MCL 750.349; MSA 28.581 does not preclude a prosecutor from listing in an information the alternative circumstantial bases in a kidnapping charge or from arguing all of the alternative circumstantial bases upon which a jury can return a verdict of guilty or not guilty, but it may give rise to only one criminal charge for purposes of trial, conviction, and sentencing.

Since we find that MCL 750.349; MSA 28.581 does not authorize multiple convictions where a defendant abducts only one person, we find it unnecessary to address the issue of whether such multiple convictions are violative of constitutional prohibitions against double jeopardy.

We vacate defendant's convictions on count 1 and count 2 and affirm the remaining kidnapping conviction contained in count 3.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, RYAN, and BLAIR MOODY, JR., JJ., concurred with FITZGERALD, J.