## PEOPLE v MORTON

Docket No. 75178. Decided November 22, 1985. On application by the defendant for leave to appeal and by the people for leave to cross-appeal, the Supreme Court, in lieu of granting leave to appeal, reversed in part the judgment of the Court of Appeals and reinstated the defendant's second conviction of possession of a firearm during the commission of a felony.

Jerome Morton was convicted in the Oakland Circuit Court, Steven N. Andrews, J., of two counts of felonious assault and two counts of possession of a firearm during the commission of a felony. The Court of Appeals, D. E. HOLBROOK, JR., P.J., and CYNAR and GILLESPIE, JJ., affirmed, in an unpublished opinion per curiam, the two felonious assault convictions and one of the felony-firearm convictions, but vacated the other felony-firearm conviction (Docket No. 72400). The defendant applies for leave to appeal, and the people apply for leave to cross-appeal.

In an opinion per curiam, signed by Chief Justice WILLIAMS and Justices RYAN, BRICKLEY, CAVANAGH, BOYLE, and RILEY, the Supreme Court *held:*

A defendant who has committed separate felonies during a single transaction may be convicted of more than one count of possession of a firearm during the commission of a felony.

The felony-firearm statute reflects a clear legislative intent that every felony committed by a person possessing a firearm result in a conviction of possession of a firearm during the commission of a felony.

Where, as in this case, the defendant is convicted of separate assaults there is no reason why convictions may not also be entered for separate counts of felony-firearm. The rule of lenity is not applicable in this case because of the clear and unambiguous expression of legislative intent found in the felony-firearm statute. Furthermore, the vacation of one felony-firearm conviction would not reduce the defendant's time of imprisonment.

Affirmed in part and reversed in part.

Justice LEVIN, writing separately, stated that the felony-firearm statute does not state that every felony committed by a person possessing a firearm shall result in a felony-firearm conviction; nor is there case law so construing the statute.

The elements of the felony-firearm offense are carrying or

possessing a firearm at the time of committing or attempting to commit a felony. If the gist of the offense is the unlawful carrying or possessing a firearm and the purpose of the statute is to enlarge, by additional conviction, the penalties for unlawful carrying or possession when a felony is committed, the legislative purpose would be accomplished by construing the statute to require only one conviction without regard to whether the offender commits, in one transaction, one or more felonies. It was not shown what legislative purpose would be served by multiple convictions of felony-firearm with respect to the same transaction.

In this case, leave to appeal should either be granted or denied. Peremptory reversal should be reserved for cases in which the law is settled and no factual assessment is required.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *John L. Kroneman,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Mardi Crawford*) for the defendant.

PER CURIAM. The issue in this case is whether, where a defendant has committed separate felonies during a single transaction, he may be convicted of more than one count of possession of a firearm during the commission of a felony. Under these circumstances, it is permissible to enter more than one felony-firearm conviction, and we thus reverse in part the judgment of the Court of Appeals.

I

On March 7, 1981, two persons were at work in a gas station in Pontiac. A car entered the driveway. When one of the attendants saw a handgun lying on the front seat of the car, he and the other attendant retreated inside the station. Looking

back, they saw the defendant pointing his gun at them. Hiding behind a steel door, they summoned the police, who arrested the defendant.

The defendant was charged in a four-count information. The first count alleged that the defendant had assaulted one of the attendants with a dangerous weapon. MCL 750.82; MSA 28.277. The second count alleged that the defendant was guilty of possession of a firearm during the commission of the assault with a dangerous weapon. MCL 750.227b; MSA 28.424(2). The third and fourth counts alleged, respectively, assault with a dangerous weapon and felony-firearm as to the second attendant.

The defendant was tried before a jury in July of 1981, and was found guilty as charged. Subsequent proceedings resulted in a new trial. This time, the defendant waived a trial by jury. A bench trial took place in April of 1983, and the defendant was again found guilty as charged. He was sentenced to concurrent terms of from twenty-eight to forty-eight months in prison for each assault conviction, and concurrent terms of two years in prison for each felony-firearm conviction. The assault sentences were to be served consecutively to the felony-firearm sentences.

The defendant appealed to the Court of Appeals, which affirmed the assault convictions and one of the felony-firearm convictions.[1] The Court of Appeals vacated the other felony-firearm conviction on the ground that it constituted double jeopardy.

Defendant has filed a delayed application for leave to appeal, and the plaintiff has timely applied for leave to appeal as cross-appellant.

---

[1] *People v Morton,* unpublished opinion per curiam of the Court of Appeals, decided August 14, 1984 (Docket No. 72400).

## II

In setting aside one of the defendant's two convictions of felony-firearm, the Court of Appeals relied upon *People v Adams,* 128 Mich App 25; 339 NW2d 687 (1983):

> The fourth issue is whether double jeopardy occurred when defendant was convicted of two counts of felony firearm for possession of a pistol during one continuous transaction.
>
> This Court recently in *People v Larry Adams,* 128 Mich App 25; 339 NW2d 687 (1983), in a well-documented opinion found that when one firearm is used and possessed in a continuous criminal transaction, only one felony-firearm conviction is authorized, notwithstanding that more than one felony may be committed during the course of the transaction. We follow that logic of *Adams* and vacate one felony-firearm conviction.

In *Adams,* pp 32-34, the Court of Appeals employed the rule of lenity, as well as its interpretation of the intent of the Legislature, to justify setting aside one of defendant's convictions of felony-firearm:

> Defendant also argues that his conviction of two counts of possession of a firearm during the commission of a felony violated the constitutional prohibition against double jeopardy. MCL 750.227b(1); MSA 28.424(2)(1) provides in part:
>
> "A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years."
>
> The prosecution relies on the [rule of *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932)] and argues that the Legislature intended to authorize multiple punishment be-

cause each conviction requires proof of a fact that the other does not; that is, each conviction requires proof of the commission of a separate felony. While this may be true if one views defendant's two felony-firearm convictions separately, it must be borne in mind that each of those felony-firearm convictions is not violative of double jeopardy only because the felony-firearm statute reflects a clear legislative intent to impose multiple punishment. *Wayne Co Prosecutor [v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).] However, we do not believe that the Legislature in authorizing such multiple punishment intended to authorize more than one felony-firearm conviction where there is but a single continuous criminal transaction involving possession of only a single firearm, notwithstanding that more than one felony may be committed during the course of that transaction. We note that defendant acquired a second firearm here, but only after both felonies were complete. Compare *People v Mahone,* 97 Mich App 192, 194; 293 NW2d 618 (1980).

We so hold in view of the Legislature's use of the phrase "the time he commits or attempts to commit a felony" in the felony-firearm statute and the rule of lenity in construing criminal statutes discussed in *People v Bergevin,* 406 Mich 307; 279 NW2d 528 (1979), and *People v Johnson,* 406 Mich 320; 279 NW2d 534 (1979). In *Bergevin* the Court held that, despite the alternative definitions of the crime in MCL 750.349; MSA 28.581, the Legislature did not intend to authorize multiple convictions for kidnapping where only one person was abducted. Similarly, in *Johnson* the Court held that, despite the alternative definitions of the crime in MCL 750.520b; MSA 28.788(2), the Legislature did not intend to authorize multiple convictions for first-degree criminal sexual conduct where only one sexual penetration took place. Based on the foregoing, we vacate one of defendant's convictions for possession of a firearm during the commission of a felony.

## III

The Court of Appeals has erred in its decision to vacate one of this defendant's convictions of felony-firearm. There is no need for us to state in detail the nature and extent of a defendant's right to be free from double jeopardy. We have recently examined this subject in *People v Robideau,* 419 Mich 458; 355 NW2d 592 (1984), *People v Wakeford,* 418 Mich 95; 341 NW2d 68 (1983), and *People v Carter,* 415 Mich 558; 330 NW2d 314 (1982). As in *Wakeford,* supra, p 111, the issue here is whether the Legislature intended to permit, under the circumstances of this case, entry of two convictions of felony-firearm. In the present case, the search for legislative intent begins and ends in the language of the statute:[2]

(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years.

(2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

(3) The term of imprisonment imposed under this section shall not be suspended. The person subject to the sentence mandated by this section

---

[2] A number of representatives and senators placed statements in their respective journals, but none spoke to the present issue. 1975 Journal of the House 1371-1372; 1976 Journal of the Senate 61-68.

shall not be eligible for parole or probation during the mandatory term imposed pursuant to subsection (1). [MCL 750.227b; MSA 28.424(2).]

We believe it clear that the Legislature intended, with only a few narrow exceptions,[3] that every felony committed by a person possessing a firearm result in a felony-firearm conviction. Where, as here, the defendant is convicted of separate assaults, we perceive no reason why he may not also be convicted of separate counts of felony-firearm. The rule of lenity, relied upon in *Adams*, has no applicability in this case because of the clear and unambiguous expression of legislative intent found in the felony-firearm statute. Furthermore, vacating one such conviction does not reduce the defendant's time of imprisonment. *People v Sawyer*, 410 Mich 531; 302 NW2d 534 (1981).

For these reasons, we reverse in part the judgment of the Court of Appeals and, in lieu of granting leave to appeal to the prosecution, we reinstate the defendant's second conviction of felony-firearm. MCR 7.302(F)(1). Leave to appeal and leave to cross-appeal are in all other respects denied, because this Court is not persuaded that the questions presented should be reviewed by this Court.

WILLIAMS, C.J., and RYAN, BRICKLEY, CAVANAGH, BOYLE, and RILEY, JJ., concurred.

LEVIN, J. The opinion of the Court states that "where a defendant has committed separate felonies during a single transaction, he may be con-

---

[3] For example, the felony-firearm statute excepts violations of MCL 750.227, 750.227a; MSA 28.424, 28.424(1).

victed of [a separate] count of possession of a firearm" for "every felony committed" in the transaction. The opinion continues that the question is one of legislative intent and "the search for legislative intent begins and ends in the language of the statute:

> "(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years."

Without further ado—without any consideration of alternative constructions—the Court states its conclusion: "We believe it is clear that the Legislature intended, with only a few narrow exceptions, that every felony committed by a person possessing a firearm result in a felony-firearm conviction. Where, as here, the defendant is convicted of separate assaults, we perceive no reason why he may not also be convicted of separate counts of felony-firearm."

The statute does not state that "every felony committed by a person possessing a firearm [shall] result in a felony-firearm conviction." Recognizing that, although the statute does not so state, that may indeed be the legislative intent and the meaning properly to be ascribed to the statutory language, the Court's reformulation of the statutory language suggests at least that while the search for legislative intent "begins," it does not "end in the language of the statute." "The notion that because the words of a statute are plain, its mean-

ing is also plain, is merely pernicious oversimplification."[1]

Once again I "express my concern about the peremptory reversal of the judgment of the Court of Appeals." "Peremptory reversal should be reserved for those cases for which the law is settled and no factual assessment is required. If leave to appeal were granted, there would be full briefing and oral argument. Notice would be provided to counsel representing other defendants affected by today's decision who might seek to file a brief as amicus curiae."[2]

In the instant case, the law is not settled. There is no decision of this Court on the question presented and today decided in a conclusory statement and without plenary consideration. Nor have I been able to find a decision in another jurisdiction considering the question in the construction of another state's felony-firearm or "armed criminal action"[3] statute. While I believe we should defer consideration of the merits until plenary submission of the question, in light of today's decision I suggest an alternative construction, one that does not require reversal of the Court of Appeals.

There are three elements of felony-firearm: (1) carrying or possessing a firearm, (2) at the time, (3) of commission or attempted commission of a felony. If, as I am inclined to believe, the gist of the offense of felony-firearm is unlawful carrying or possessing a firearm and the purpose of the felony-firearm statute is to enlarge, through the means of an additional conviction, the penalties for unlawful carrying or possessing when the person carrying or possessing commits a felony, the legislative

[1] *United States v Monia,* 317 US 424, 431; 63 S Ct 409; 87 L Ed 376 (1943) (Frankfurter, J., *dissenting*).

[2] *People v Hastings,* 422 Mich 267, 273; 373 NW2d 533 (1985).

[3] See Missouri Rev Stat, § 559.225 (1976 Supp).

purpose would be accomplished by construing the
statute as requiring only one conviction and such
enlargement without regard to whether the of-
fender commits, in one transaction, one or more
felonies.

There are a number of statutes proscribing car-
rying or possessing dangerous weapons. Section
226 of the Penal Code provides a five-year sentence
upon conviction of going armed with a pistol or
other firearm, etc., or any other dangerous or
deadly weapon or instrument "with intent to use
the same unlawfully against the person of an-
other."[4] Section 227 provides a five-year sentence
for carrying a concealed weapon.[5] Section 227a
makes it a felony for a person licensed to carry a
pistol because engaged in the business of protect-
ing the person or property of another to have the
pistol in his possession while not actually so en-
gaged. Section 233 makes it a misdemeanor "inten-
tionally, without malice [to] point or aim any fire-
arm at or toward any other persons."[6]

It is apparent that the Legislature concluded
that these dangerous weapon provisions were not
adequate, and that a mandatory minimum consec-
utive two-year sentence shall in all cases be im-
posed, through the means of an additional convic-
tion, on a person unlawfully carrying or possessing
a firearm who at that time commits a felony.
Having in mind that apparent purpose, it is ques-
tionable whether the Legislature intended that
this unlawful carrying and possessing statute be
construed as requiring a separate felony-firearm
conviction for each felony committed in a single
transaction. The mandatory consecutive sentence
is apparently imposed for carrying or possessing

---

[4] MCL 750.226; MSA 28.423.

[5] MCL 750.227; MSA 28.424.

[6] MCL 750.235; MSA 28.432.

under the circumstance that a felony is committed, not for the felony.

If one focuses on the "carrying or possessing" or on the "at the time" verbiage of the statute rather than on the words "a felony," it becomes apparent that the meaning is not so "clear and unambiguous" that the rule of lenity relied on by the Court of Appeals in *People v Adams,* 128 Mich App 25; 339 NW2d 687 (1983), and the instant case, is so clearly not applicable as not to require further explanation and plenary consideration.

The opinion of the Court recognizes that the sentences for the instant felony-firearm convictions run concurrently. It does not appear what purpose then is served—what legislative purpose is served —by multiple convictions of felony-firearm in respect to the same transaction.

These felony-firearm convictions arose out of separate felonious assault convictions. The Court may see this question as paralleling the question presented in *People v Wakeford,* 418 Mich 95; 341 NW2d 68 (1983), where the Court saw each separate assault as a separate offense. The language of the Court's opinion in the instant case may, however, extend to a case where there is no assault and where the firearm, carried or possessed, is neither brought into view nor aimed. The language of the opinion of the Court may be read as meaning that a person who breaks and enters an unoccupied building and commits property offenses therein, who neither unholsters, withdraws from his clothing, nor aims a firearm he is carrying or possessing, and who does not confront or assault another person while committing in one transaction multiple offenses against property, is subject to multiple firearm convictions. Again it does not appear what purpose the Legislature would seek to serve thereby.

I would either grant or deny leave to appeal.