*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALI AKBAR DIXON,

Defendant-Appellant.

UNPUBLISHED
May 28, 2026
2:03 PM

No. 371093
Berrien Circuit Court
LC No. 2023-001625-FH

Before: WALLACE, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of abandonment or cruelty of four to nine animals, MCL 750.50(4)(c), and having an unlicensed animal, MCL 287.262. He was sentenced to two years' probation for the animal cruelty conviction and two days in jail for the unlicensed animal conviction. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises from defendant's failure to provide adequate care for seven dogs. Animal control responded to defendant's house in Benton Harbor, Michigan because of a report of "dogs at large." The dogs, an adult female and six puppies, appeared to be underweight and in poor health with visible skeletal structures. According to the animal control officer, they also were seemingly covered in dirt and feces and did not have access to food or water bowls. A veterinarian assessed the dogs' body conditions and found them to be underweight. When asked if the dogs were in good health, the veterinarian responded, "Being underweight is an indication of an abnormal health condition" caused by disease or malnutrition. The veterinarian further noted that the dogs' abnormal weight was not caused by an inability or unwillingness to eat because the dogs ate all the food provided in their bowls at the shelter. The veterinary examination also revealed that the dogs suffered from broken teeth.

Defendant testified that he fed his dogs raw chicken and supplemented their meals with milk and eggs. But after defendant suffered from financial difficulties that caused his home's

-1-

electricity and gas to be shut off, he did not give the dogs the supplemental nutrition. Defendant acknowledged that the dogs were underweight[1] and that the adult dog was unlicensed.

The jury convicted defendant of both counts. He now appeals.

## II. JURY INSTRUCTIONS

Defendant claims that he was deprived of a fair trial because the trial court failed to properly instruct the jury. We disagree.

A party must object to the jury instructions before the jury deliberates to preserve an appellate challenge. *People v Carines*, 460 Mich 750, 767; 597 NW2d 130 (1999); *People v Head*, 323 Mich App 526, 537; 917 NW2d 752 (2018). A contemporaneous or timely objection affords the trial court the opportunity to correct the error, eliminates the need for further legal proceedings, and provides the best time to address a defendant's rights. *Carines*, 460 Mich at 764-765. "The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused." MCL 768.29.[2]

This issue is unpreserved because defendant did not object to the jury instructions prior to deliberations. Unpreserved claims of instructional error are reviewed for plain error affecting a defendant's substantial rights. *Carines*, 460 Mich at 764; *People v Miller*, 326 Mich App 719, 725-726; 929 NW2d 821 (2019). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Id*. (quotation marks and citation omitted). Even if a defendant satisfies these three elements, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted).

MCL 750.50(2)(a) states that an owner of an animal shall not fail to provide adequate care. MCL 750.50(1)(a) defines "adequate care" as "the provision of sufficient food, water, shelter, sanitary conditions, exercise, and veterinary medical attention in order to maintain an animal in a state of good health." Although MCL 750.50(1)(h), (k), and (l) define "neglect," "sanitary

---

[1] Defendant admitted that he thought the dogs were underweight and attributed this to a series of unfortunate events, including deaths in his family, utility shut offs, and a water main break. He also acknowledged that the female dog was not licensed, but he had since obtained a license.

[2] When a requested and applicable instruction is not given by the trial court, "the defendant bears the burden of establishing that the trial court's failure to give the requested instruction resulted in a miscarriage of justice." *People v Hawthorne*, 474 Mich 174, 182; 713 NW2d 724 (2006); see also MCL 769.26. Defendant did not request that additional definitions be given or that they were applicable in light of the charge and theory of the case.

conditions," and "shelter," respectively, the trial court did not advise the jury of these definitions, and defendant did not request an instruction on those definitions. However, it is apparent from the argument and instructions that the prosecutor proceeded under the theory that defendant failed to supply the dogs with sufficient food. When a statute such as MCL 750.50(2)(a) delineates alternative ways for a jury to convict a defendant of a crime, only one alternative need be proven to obtain a conviction. See *People v Bergevin*, 406 Mich 307, 312; 279 NW2d 528 (1979). Because MCL 750.50(2) sets forth alternative methods of establishing animal cruelty,[3] counsel was not ineffective for failing to request that the jury be instructed regarding all the conduct or omissions that would constitute animal cruelty. See *People v Putman*, 309 Mich App 240, 245; 870 NW2d 593 (2015) (counsel need not make a futile objection). This claim of error does not entitle defendant to appellate relief. MCL 768.29.

### III. CHARACTER EVIDENCE

Defendant next claims that he was denied a fair trial because the prosecution referenced impermissible character evidence to establish that defendant had a propensity to neglect his dogs. We disagree.

"A claim of prosecutorial misconduct is reviewed de novo." *People v McGhee*, 268 Mich App 600, 630; 709 NW2d 595 (2005). "In order to preserve an issue of prosecutorial misconduct,[4] a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). But defendant failed to object to the prosecution's alleged reference to improper character evidence at trial. Therefore, the issue is unpreserved. "Unpreserved issues are reviewed for plain error affecting substantial rights." *Id*. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

To prevail on a claim of prosecutorial misconduct, a defendant must show he was denied a fair and impartial trial. *People v Solloway*, 316 Mich App 174, 201; 891 NW2d 255 (2016). "Claims of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *People v Isrow*, 339 Mich App 522,

---

[3] In addition to a failure to provide adequate care, MCL 750.50(2) delineates other prohibited acts that an owner, possessor, breeder, pet shop operator, or custodian of an animal may not engage in such as the allowance of unnecessary neglect, torture, or pain, MCL 750.50(2)(f), and animal abandonment, MCL 750.50(2)(e).

[4] "Although we recognize that the phrase 'prosecutorial misconduct' has become a term of art in criminal appeals, . . . the term 'misconduct' is more appropriately applied to those extreme—and thankfully rare—instances where a prosecutor's conduct violates the rules of professional conduct or constitutes illegal conduct." *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015). "Therefore, . . . these claims of error might be better and more fairly presented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct.' " *Id*. at 88.

529; 984 NW2d 528 (2021) (quotation marks and citation omitted). "A prosecutor's good-faith effort to admit evidence does not constitute misconduct." *People v Dobek*, 274 Mich App 58, 70; 732 NW2d 546 (2007). "Unresponsive answers from witnesses are generally not prosecutorial error." *People v Jackson*, 313 Mich App 409, 427; 884 NW2d 297 (2015).

Defendant contends that the prosecutor improperly admitted character evidence to show defendant had a propensity to mistreat animals as reflected by his prior contacts with animal control. To support his claim, defendant references the following exchange that occurred between the prosecutor and the animal control officer:

> *Q.* Do you know who lived or occupied 795 Donald Adkins?
>
> *A.* Yes, I was able to look into our [database] and find an owner register[ed] to that address from *previous interactions and complaints*.
>
> *Q.* And who was that?
>
> *A.* It would be [defendant].
>
> *Q.* Ah, had you met him before?
>
> *A.* One previous occasion. [Emphasis added.]

Defendant's citation to the record omits crucial information. First, before being asked who lived at 795 Donald Adkins, the animal control officer disclosed that he was called to the scene because of a report of dogs "at large." The officer was then asked if he knew who lived at the location. Instead of merely confirming his knowledge of the owner, the officer expanded on the answer by acknowledging that he had prior interactions and complaints with the owner. Notably, the prosecutor did not inquire about those contacts and their circumstances, but instead focused on the officer's introduction to defendant. The officer admitted that he had met defendant on one prior occasion, and then, at the request of the prosecutor, identified defendant in court.

Although defendant contends that the prosecutor improperly introduced character evidence to show that he had a propensity to mistreat his dogs, the context of the officer's prior contacts were never inquired of or disclosed on the record. Indeed, the prior interactions may have been for "dogs at large," a common occurrence for dog owners that does not necessarily reflect a propensity to mistreat animals. Reversible error does not arise when a witness merely references a defendant's prior encounters with law enforcement in response to the prosecutor's attempt to identify a defendant. *People v LaPorte*, 103 Mich App 444, 448; 303 NW2d 222 (1981) (stating that "the prosecutor was establishing the identity of the defendant and showing the officer's basis for identification. He elicited no testimony concerning any prior bad acts or criminal activities of the defendant, and therefore the cases cited by defendant are inapposite"). Because the content of the "other acts evidence" was never divulged and the officer's answer to the prosecutor's question

of home ownership included nonresponsive information pertaining to defendant's prior contacts, we cannot conclude that prosecutorial error occurred. *Jackson*, 313 Mich App at 427.[5]

## IV. PROBATIONARY CONDITIONS

Defendant contends that the trial court abused its discretion by issuing an order of probation with conditions that were not rationally related to his rehabilitation. We decline to address this issue because it is moot.

Courts will not decide moot questions. *People v Smith*, 502 Mich 624, 631; 918 NW2d 718 (2018). "A dispute is moot if no controversy exists and any judgment on the matter would lack practical legal effect." *Id*. Although defendant protests alcohol, drug, curfew, association, and weapon restrictions ordered as terms of his probation, our review of correction records indicates that defendant was discharged from probation on March 19, 2026. Accordingly, we decline to address this issue because it is moot.[6] *People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010).

## V. RESTITUTION

Defendant argues that the trial court's order of restitution was unreasonable because it was not supported by a factual basis. We disagree.

Generally, we review "the amount of a restitution order for an abuse of discretion[.]" *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003). Defendant did not object to the restitution order at sentencing. Therefore, we review this unpreserved nonconstitutional challenge to the restitution order "for plain error affecting defendant's substantial rights." *Id*.

"Restitution is afforded both by statute and by the Michigan Constitution." *Id*. "The purpose of restitution is to allow crime victims to recoup losses suffered as a result of criminal conduct." *Id*. (quotation marks and citation omitted). Under the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq*.,

---

[5] Defendant also alleged that the other acts evidence was introduced to show that defendant "was regularly drunk and belligerent and that he acted in conformity with that conduct in the present case." Defendant failed to cite to the record in support, see MCR 7.212(C)(6) and (7), and therefore, we need not consider this argument, *People v Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008). Moreover, defendant cannot show that any alleged error affected the outcome of the lower court proceedings when he admitted that the dogs were underweight and the adult female dog was unlicensed. *Carines*, 460 Mich at 763.

[6] We do note that defendant failed to object to the probation conditions in the lower court, rendering this question unpreserved. Further, although defendant challenged the abstention from drugs and alcohol requirements on appeal, defendant apparently disclosed to the probation department that he abused drugs and alcohol as reflected in the presentence investigation report.

when sentencing a defendant convicted of a crime, the court shall order . . . that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. [MCL 780.766(2).]

Under the CVRA "victim includes a sole proprietorship, partnership, corporation, association, governmental entity, or any other legal entity that suffers direct physical or financial harm as a result of a crime." MCL 780.766(1). "In determining the amount of restitution to order . . . the court shall consider the amount of the loss sustained by any victim as a result of the offense." MCL 780.767(1). There must also be a "direct, causal relationship between the conduct underlying the convicted offense and the amount of restitution to be awarded." *People v McKinley*, 496 Mich 410, 421; 852 NW2d 770 (2014). Thus, "restitution may encompass only those losses that are easily ascertained and are a direct result of a defendant's criminal conduct." *People v Corbin*, 312 Mich App 352, 362; 880 NW2d 2 (2015) (quotation marks and citations omitted). Furthermore, "[t]he court may order the probation officer to obtain information pertaining to the amounts of loss described in subsection (1). The probation officer shall include the information collected in the presentence investigation report [(PSIR)] or in a separate report, as the court directs." MCL 780.767(2). "The court shall disclose to both the defendant and the prosecuting attorney all portions of the [PSIR] . . . ." MCL 780.767(3).

The trial court ordered defendant to pay the Berrien County Animal Control Shelter $21,480 in restitution. Defendant does not dispute that the animal shelter constitutes a victim entitled to restitution. Instead, he argues, albeit incorrectly, that the trial court's restitution order was factually unsupported. The PSIR, which defendant was provided with before sentencing, set forth a factual basis justifying the trial court's order of restitution: "Restitution is being requested by the Berrien County Animal Control Shelter in the amount of $21,480.00. This amount is broken down as follows: $270 total for two vaccinations for each of the seven dogs; $21,210 for boarding seven dogs for 236 days." Before sentencing, the trial court indicated that it had reviewed the PSIR and learned that both parties had also received it. The trial court then ordered the amount of restitution recommended in the PSIR. This was proper because "at sentencing the trial court may treat the contents of the [PSIR] as presumptively accurate," and the trial court "is entitled to rely on the report" when fashioning a defendant's sentence. *People v Bowling*, 299 Mich App 552, 563; 830 NW2d 800 (2013). Because a factual basis existed for the trial court's order of restitution, this issue is without merit.

Affirmed.

/s/ Randy J. Wallace
/s/ Anica Letica
/s/ Kathleen A. Feeney